## CLARK v. UNITED BEN. LIFE INS. CO.

### No. 9080.

Court of Civil Appeals of Texas. San Antonio.

June 28, 1933.

Rehearing Denied July 26, 1933.

Emmett B. Cocke, of San Antonio, for plaintiff in error.

Birkhead, Beckmann v. Stanard and Burgess, Burgess, Chrestman & Brundidge, all of San Antonio, for defendant in error.

SMITH, Justice.

This action was brought by Clark against the insurance company to recover a broker's commission upon an attempted sale of land in Hidalgo county. At the conclusion of a trial before a jury the trial judge directed a verdict against Clark, who has appealed from the resulting judgment denying recovery to him. The parties will be designated as plaintiff and defendant, respectively, as in the trial court.

In a second motion for rehearing plaintiff so earnestly and vigorously questions the findings of fact made by this court in former opinions that we have concluded to quote plaintiff's pleadings and testimony for a statement of the case.

Plaintiff alleged that defendant, through its general agent, employed him to sell the land involved "at the price of $5000.00 and agreed with plaintiff that in addition to the payment of the regular commission of 5% on said $5000.00 price the plaintiff was to have the excess above said $5000.00 for which he might be able to sell said property as his compensation, it having been agreed and understood at the time and afterwards that of the said $5000.00 a reasonable part was to be cash and ample time would be given by the defendant to the purchaser for the payment of the balance of such purchase price."

Plaintiff further alleged that under said agreement he "found buyers for said property in the persons of Jake E. Schneider and Francis W. Hanson who entered into a written agreement and contract with the said United Benefit Life Insurance Company acting by and through plaintiff as agent to purchase said 40 acres of land for the sum of $6300.00 of which one-half was to be cash and out of which the defendant was to receive $2000.00 to which it was entitled and the remainder of $3150.00 was to be in the form of a promissory vendor's lien note bearing interest and payable three years after its date with the right to pay $500.-00 or any multiple thereof at any interest paying date after one year by giving thirty days advance written notice, of which sum so represented by said note the said defendant would be entitled to the balance due of $3000.00 and the remainder would be the property of your petitioner, and to bind said trade the said Schneider and Hanson placed with the plaintiff, as the agent of the United Benefit Life Insurance Company, the sum of $500.00 and ever thereafter until the defendant repudiated its contract said buyers stood able, ready and willing to buy said property and pay for same on the terms authorized by defendant and as above alleged. That said contract of sale and purchase was entered into by the plaintiff acting for the defendant at his office in the city of San Antonio, Bexar County, Texas, and promptly thereafter this plaintiff gave notice to the defendant at its Dallas office, of the ex-

ecution, delivery and existence of said contract of sale with said Schneider and Hanson and asked for prompt delivery of title and an abstract thereof."

And, finally, plaintiff alleged: "The plaintiff avers that notwithstanding said bargain and contract of sale by him of said property the defendant refused to consummate said sale to the damage of your petitioner in the sum of his commission of $250.00 and the excess of $1300.00 above the price the defendant authorized him to sell said property for."

In support of his claim plaintiff testified that he entered into an oral agreement (afterwards confirmed by letter, which was not put in evidence) with defendant's general agent whereby he was employed to sell the land for $5,000, including 5 per cent. commission to plaintiff, on terms "half cash and * * * balance with a vendor's lien of one, two or three years, with interest"; that defendant "might take a third" cash, "but would like to have half cash."

Plaintiff testified that he interested a prospective purchaser and so advised defendant on February 20, 1930, without reference to price or terms expected from the prospect. Then, on February 25, plaintiff wired defendant: "Party on way back here from Kansas City to reinspect 40 acres tract 105 LaBlanca stop. Advise if we may put in contract at five thousand net to you two thousand cash balance vendor's lien five years seven per cent stop. Wire immediately." Defendant replied by letter on February 26, apparently declining the offer. This letter of rejection was received by plaintiff on February 27, but not until he had on that day entered into a contract with the prospect whereby the latter agreed to purchase the land for $6,300, $3,150 cash "and the balance in ——— notes, as follows: Buyers to take the above described property subject to a note secured by vendor's lien signed by a solvent party, for Thirty One Hundred and Fifty ($3150.00) Dollars, payable in three years from date of deed delivery, privilege given to pay Five Hundred ($500.00) or any multiple thereof at any interest paying date after one year by giving thirty (30) days written notice. Each bearing interest at the rate of 7 per cent per annum from date of deed, the interest payable semi-annually as it accrues, secured by vendor's lien and deed of trust * * *." Of the $3,150 cash payment, $500 was paid plaintiff when the contract of sale was executed, and it was stipulated that the balance of $2,650 was to be paid on delivery of deed, after proper showing of title.

Plaintiff testified that immediately upon procuring said contract he communicated the fact thereof by wire to defendant, but it does not appear that he advised defendant of the terms of the contract. Nor is there any evidence of defendant's reaction to this message. There is no evidence that plaintiff ever actually submitted to defendant the offer embraced in said contract between plaintiff and the proposed purchaser, or that defendant ever rejected such offer. It appears that the only offer actually submitted to defendant was that of $5,000, of which $2,000 was to be paid in cash and the balance in five years, which defendant rejected.

The effect of the foregoing statement of the case may be analyzed as follows:

■ 1. Plaintiff alleged that he was employed by defendant to make the sale for a minimum of $5,000, of which "a reasonable part" was to be in cash, with ample time for the payment of the balance. Of course, such agreement was so indefinite as to terms that plaintiff was thereby given no authority to contract for the sale except upon terms to be first submitted to and confirmed by defendant.

■ 2. Plaintiff testified that his agreement with defendant was that he could sell the property for a minimum of $5,000, including 5 per cent. commission to plaintiff upon terms of half cash and "balance with vendor's lien of one, two and/or three years." Under such agreement plaintiff had no authority to sell for a less cash consideration to defendant than $2,500, including, perhaps, the 5 per cent. commission to be paid plaintiff.

3. Plaintiff alleged that upon this authority he contracted in defendant's name to sell the land for $6,300, of which defendant was to receive $2,000 in cash and $3,000 in three years after date, or, at the option of the vendee, in multiples of $500 at indefinitely prescribed times. It is obvious that under the conditions of the agreement he had testified to plaintiff was not authorized to make such sale, for under that agreement defendant was to receive $2,500 in cash, whereas, the offer was of only $2,000. Nor was the stipulation for deferred payments within the terms provided for in the brokerage agreement.

■ 4. On the other hand, it appears that the contract plaintiff actually made with the proposed purchaser provided for a consideration of $6,300, $500 cash paid when the contract of sale was executed and $2,650 upon delivery of deed at an indefinite time, after furnishing of abstract and examination, completion, and approval of title, balance to be evidenced by notes of an unnamed third party, payable at the end of three years, or in intermediate installments of $500 or multiples thereof at the option of the debtor. Obviously this contract differed quite materially from that under which plaintiff testified the property was listed with him. Moreover, it does not appear, affirmatively from the evidence, that the terms of this contract made between plain-

tiff and the proposed purchasers were ever actually submitted to or rejected by defendant.

5. The only offer affirmatively shown by the evidence to have been submitted to and rejected by defendant was that of $2,000 cash and balance in three years, which was clearly not within the original agreement plaintiff testified he had with defendant.

It is apparent that plaintiff did not make a jury case. He did not plead the procurement of a sale within the terms of the contract he testified to, nor did he testify to the tender of a sale in consonance with the terms of the contract he testified to. Under either aspect of the case, then, the trial judge properly directed a verdict for defendant.

This will be substituted for prior opinions, and plaintiff's second motion for rehearing will be overruled.